UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARCO CAVARA,<br>JOSEF JOHANN SCHNEIDER,<br>MARIA SCHNEIDER,<br>JOERG ZAHN,<br>SABINE ZAHN,<br>individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>THE BOLIVARIAN REPUBLIC<br>OF VENEZUELA,<br><br>      Defendant. | Case No.: 1:25-cv-00165<br><br>**<u>CLASS ACTION COMPLAINT</u>** |

   Marco Cavara, Josef Johann Schneider, Maria Schneider, Joerg Zahn, and Sabine Zahn (each a "Plaintiff", and collectively, the "Plaintiffs"), by and through their undersigned counsel, bring this proposed class action on behalf of themselves and all other similarly situated persons (collectively, the "Classes", as defined below) against Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), and allege as follows:

<u>**NATURE OF THE ACTION**</u>

   1.  This is a proposed class action for breach of contract arising from the Republic's failure to make certain contractually mandated payments of principal and interest on certain of the Republic's debt securities.

   2.  On or about October 13, 2009, the Republic issued $2,495,963,000 principal amount of 7.75% bonds maturing on October 13, 2019, under ISIN No. USP97475AN08. Those sovereign bonds (the "AN08 Bonds") were issued pursuant to a 2001 Fiscal Agency Agreement

(as amended, the "2001 FAA," as described more fully below). They are governed by New York law and subject to the jurisdiction of this Court.[1]

3.       On or about December 9, 2005, the Republic issued $1,500,057,000 principal amount of 6.00% Bonds maturing on December 9, 2020, under ISIN No. USP97475AG56. Those sovereign Bonds (the "AG56 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

4.       On or about August 23, 2010, the Republic issued $3,000,000,000 principal amount of 12.75% Amortizing Bonds maturing on August 23, 2022, under ISIN No. USP17625AC16. Those sovereign Bonds (the "AC16 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

5.       On or about May 7, 2008, the Republic issued $2,000,000,000 principal amount of 9.00% Bonds maturing on May 7, 2023, under ISIN No. USP17625AA59. Those sovereign Bonds (the "AA59 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

6.       On or about October 13, 2009, the Republic issued $2,495,963,000 principal amount of 8.25% Bonds maturing on October 13, 2024, under ISIN No. USP97475AP55. Those sovereign Bonds (the "AP55 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

7.       On or about April 21, 2005, the Republic issued $1,599,817,000 principal amount of 7.65% Bonds maturing on April 21, 2025, under ISIN No. XS0217249126. Those sovereign Bonds (the "9126 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement.  They are governed by New York law and subject to the jurisdiction of this Court.

---

[1] A true and correct copy of the 2001 FAA is available upon the Court's request.

8.      On or about October 21, 2011, the Republic issued $3,000,000,000 principal amount of 11.75% Bonds maturing on October 21, 2026, under ISIN No. USP17625AE71. Those sovereign Bonds (the "AE71 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

9.      On or about September 18, 1997, the Republic issued $4,000,000,000 principal amount of 9.25% U.S. Dollar-Denominated Unsecured Global Bonds maturing on September 15, 2027, under ISIN No. US922646AS37. Those sovereign Bonds (the "AS37 Bonds") were issued pursuant to a 1997 Fiscal Agency Agreement (the "1997 FAA," as described more fully below; the 2001 FAA and the 1997 FAA are collectively the "FAAs"). They are governed by New York law and subject to the jurisdiction of this Court.[2]

10.     On or about May 7, 2008, the Republic issued $2,000,000,000 principal amount of 9.25% Bonds maturing on May 7, 2028, under ISIN No. USP17625AB33. Those sovereign Bonds (the "AB33 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

11.     On or about August 5, 2011, the Republic issued $4,200,000,000 principal amount of 11.95% Amortizing Bonds maturing on August 5, 2031, under ISIN No. USP17625AD98. Those sovereign Bonds (the "AD98 Bonds") were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.

12.     On or about November 15, 2007, the Republic issued $825,179,000 principal amount of 7.00% Bonds maturing on March 31, 2038, under ISIN No. USP97475AJ95. On or about November 27, 2007, the Republic issued $424,824,000 principal amount of 7.00% Bonds maturing on March 31, 2038, also under ISIN No. USP97475AJ95 (all such bonds issued under

---

[2] A true and correct copy of the 1997 FAA is available upon the Court's request.

ISIN No. USP97475AJ95 are collectively the "AJ95 Bonds"). These sovereign bonds were issued pursuant to the 2001 Fiscal Agency Agreement. They are governed by New York law and subject to the jurisdiction of this Court.  The AN08 Bonds, the AG56 Bonds, the AC16 Bonds, the AA59 Bonds, the AP55 Bonds, the 9126 Bonds, the AE71 Bonds, the AS37 Bonds, the AB33 Bonds, the AD98 Bonds, and the AJ95 Bonds are collectively the "Bonds".

13.    The terms of the AN08 Bonds prescribe semi-annual interest payment dates on April 13 and October 13. The Republic failed to repay principal on October 13, 2019 and failed to make the semi-annual interest payments on April 13, 2018 and thereafter.

14.    The terms of the AG56 Bonds prescribe semi-annual interest payment dates on June 9 and December 9. The Republic failed to repay principal on December 9, 2020 and failed to make the semi-annual interest payments on December 9, 2017 and thereafter.

15.    The terms of the AC16 Bonds prescribe semi-annual interest payment dates on February 23 and August 23. The Republic failed to repay principal on August 23, 2022 and failed to make the semi-annual interest payments on February 23, 2018 and thereafter.

16.    The terms of the AA59 Bonds prescribe semi-annual interest payment dates on May 7 and November 7. The Republic failed to repay principal on May 7, 2023 and failed to make the semi-annual interest payments on February 23, 2018 and thereafter.

17.    The terms of the AP55 Bonds prescribe semi-annual interest payment dates on April 13 and October 13. The Republic failed to repay principal on October 13, 2024 and failed to make the semi-annual interest payments on October 13, 2017 and thereafter.

18.    The original maturity date of the 9126 Bonds at the times of issuance was April 21, 2025. As described below, on or about December 22, 2020, the principal repayment date of the 9126 Bonds was accelerated to that date. The terms of the 9126 Bonds prescribe semi-annual

interest payment dates on April 21 and October 21. The Republic failed to repay principal on December 22, 2020 and failed to make the semi-annual interest payments on October 21, 2017 and thereafter.

19.     The terms of the AE71 Bonds prescribe semi-annual interest payment dates on April 21 and October 21. The Republic failed to make the semi-annual interest payments on October 21, 2017 and thereafter.

20.     The terms of the AS37 Bonds prescribe semi-annual interest payment dates on March 15 and September 15. The Republic failed to make the semi-annual interest payments on March 15, 2018 and thereafter.

21.     The terms of the AB33 Bonds prescribe semi-annual interest payment dates on May 7 and November 7. The Republic failed to make the semi-annual interest payments on November 7, 2017 and thereafter.

22.     The terms of the AD98 Bonds prescribe semi-annual interest payment dates on February 5 and August 5. The Republic failed to make the semi-annual interest payments on February 5, 2018 and thereafter.

23.     The terms of the AJ95 Bonds prescribe semi-annual interest payment dates on March 31 and September 30. The Republic failed to make the semi-annual interest payments on March 31, 2018 and thereafter.

24.     Plaintiffs will seek: (i) certification of a proposed class defined to include all holders of AN08 Bonds on January 7, 2025, who continue to hold thereafter (the "AN08 Class"); (ii) certification of a proposed class defined to include all holders of AG56 Bonds on January 7, 2025, who continue to hold thereafter (the "AG56 Class"); (iii) certification of a proposed class defined to include all holders of AC16 Bond on January 7, 2025, who continue to hold thereafter

(the "AC16 Class"); (iv) certification of a proposed class defined to include all holders of AA59 Bonds on January 7, 2025, who continue to hold thereafter (the "AA59 Class"); (v) certification of a proposed class defined to include all holders of AP55 Bonds on January 7, 2025, who continue to hold thereafter (the "AP55 Class"); (vi) certification of a proposed class defined to include all holders of 9126 Bonds on January 7, 2025, who continue to hold thereafter (the "9126 Class"); (vii) certification of a proposed class defined to include all holders of AE71 Bonds on January 7, 2025, who continue to hold thereafter (the "AE71 Class"); (viii) certification of a proposed class defined to include all holders of AS37 Bonds on January 7, 2025, who continue to hold thereafter (the "AS37 Class"); (ix) certification of a proposed class defined to include all holders of AB33 Bonds on January 7, 2025, who continue to hold thereafter (the "AB33 Class"); (x) certification of a proposed class defined to include all holders of AD98 Bonds on January 7, 2025, who continue to hold thereafter (the "AD98 Class"); and (xi) certification of a proposed class defined to include all holders of AJ95 Bonds on January 7, 2025, who continue to hold thereafter (the "AJ95 Class"; the AN08 Class, the AG56 Class, the AC16 Class, the AA59 Class, the AP55 Class, the 9126 Class, the AE71 Class, the AS37 Class, the AB33 Class, the AD98 Class, and the AJ95 Class are collectively the "Classes").

25.    For their relief, Plaintiffs and the other members of the Classes seek payment of the unpaid principal, in the case of the AN08 Bonds, AG56 Bonds, AC16 Bonds, AA59 Bonds, AP55 Bonds, and 9126 Bonds, as provided in the FAAs and in the respective Bonds themselves, under New York law.

26.    For their relief, Plaintiffs and other members of the Classes seek payment of the accrued and unpaid interest on the Bonds, and interest thereon, as provided in the FAAs and in the respective Bonds themselves, under New York law.

## THE PARTIES

27.     Plaintiff Marco Cavara is a natural person who is a citizen and resident of Italy.  He holds beneficial interests in, and is the beneficial owner of, $10,000.00 principal amount of the AN08 Bonds.[3]

28.     Plaintiff Josef Johann Schneider is a natural person who is a citizen and resident of Germany. He holds beneficial interests in, and is the beneficial owner of, $117,500.00 principal amount of the AP55 Bonds and $70,000.00 principal amount of the AJ95 Bonds.

29.     Plaintiff Maria Schneider is a natural person who is a citizen and resident of Germany. She holds beneficial interests in, and is the beneficial owner of, $24,000.00 principal amount of the AG56 Bonds.

30.     Plaintiff Joerg Zahn is a natural person who is a citizen and resident of Germany. He holds beneficial interests in, and is the beneficial owner of, $10,000.00 principal amount of the AC16 Bonds, $10,000.00 principal amount of the AA59 Bonds, and $10,000.00 principal amount of the AS37 Bonds.

31.     Plaintiff Sabine Zahn is a natural person who is a citizen and resident of Germany. She holds beneficial interests in, and is the beneficial owner of, $233,000.00 principal amount of the 9126 Bonds, $115,000.00 principal amount of the AE71 Bonds, $51,600.00 principal amount of the AB33 Bonds, and $250,000.00 principal amount of the AD98 Bonds.

32.     Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") is a foreign state as defined in 28 U.S.C. § 1603.

---

[3] In common usage, such interests held by investors are simply referred to as bond holdings.

## JURISDICTION AND VENUE

33.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), because the Republic is a foreign state pursuant to 28 U.S.C. § 1603.

34.    The Republic has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the FAAs, or arising out of or based on the FAAs themselves, by holders of the securities issued thereunder. The Republic is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

35.    In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the FAAs to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the FAAs, arising out of or based on such securities, or arising out of or based on the FAAs themselves.

36.    Venue is proper in this Court because the Republic irrevocably consented to venue with respect to actions brought in this Court in connection with the FAAs or the Bonds pursuant to 28 U.S.C. § 1391(f)(1).

37.    The Republic, as stated in the FAAs, has appointed as its authorized agent to receive service of process the Consul General of the Republic or, in his or her absence or incapacity, any official of the Consulate of the Republic, located at 7 East 51st Street, New York, New York 10022. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## FACTUAL ALLEGATIONS

38.    The 1997 FAA governs the AS37 Bonds. The 1997 FAA was entered into on or about September 3, 1997, among the Republic, Banco Central de Venezuela, as official financial

agent of the Republic, and The Chase Manhattan Bank as fiscal agent and principal paying agent. The 1997 FAA is governed by the laws of the State of New York without regard to conflict of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

39.    The 2001 FAA governs the AN08 Bonds, the AG56 Bonds, the AC16 Bonds, the AA59 Bonds, the AP55 Bonds, the 9126 Bonds, the AE71 Bonds, the AB33 Bonds, the AD98 Bonds, and the AJ95 Bonds. The 2001 FAA was entered into on or about July 25, 2001, among the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and Deutsche Bank AG and Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company) as fiscal agents and principal paying agents. The parties entered into amendments to the 2001 FAA dated as of September 19, 2003, March 21, 2005 and December 17, 2007. The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflict of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

40.    The Bonds held by Plaintiffs and by the members of the proposed Classes are duly issued and valid unconditional obligations of the Republic.

41.    Plaintiffs' holdings are summarized in the following chart. The 9126 Bonds and the 2001 FAA provide that the Republic must repay principal on the accelerated maturity date noted in footnote 4:

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiffs |
|---|---|---|---|---|
| USP97475AN08 | 2001 FAA | October 13, 2019 | 7.75% | $10,000.00 – Marco Cavara |
| USP97475AG56 | 2001 FAA | December 9, 2020 | 6.00% | $24,000.00 – Maria Schneider |

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiffs |
|---|---|---|---|---|
| USP17625AC16 | 2001 FAA | August 23, 2022 | 12.75% | $10,000.00 – Joerg Zahn |
| USP17625AA59 | 2001 FAA | May 7, 2023 | 9.00% | $10,000.00 – Joerg Zahn |
| USP97475AP55 | 2001 FAA | October 13, 2024 | 8.25% | $117,500.00 – Josef Schneider |
| XS0217249126 | 2001 FAA | April 21, 2025[4] | 7.65% | $233,000.00 – Sabine Zahn |
| USP17625AE71 | 2001 FAA | October 21, 2026 | 11.75% | $115,000.00 – Sabine Zahn |
| US922646AS37 | 1997 FAA | September 15, 2027 | 9.25% | $10,000.00 – Joerg Zahn |
| USP17625AB33 | 2001 FAA | May 7, 2028 | 9.25% | $51,600.00 – Sabine Zahn |
| USP17625AD98 | 2001 FAA | August 5, 2031 | 11.95% | $250,000.00 – Sabine Zahn |
| USP97475AJ95 | 2001 FAA | March 31, 2038 | 7.00% | $70,000.00 – Josef Schneider |

42.     The Republic failed to repay principal on: (i) the AN08 Bonds on October 13, 2019; (ii) the AG56 Bonds on December 9, 2020; (iii) the 9126 Bonds on December 22, 2020 due to acceleration; (iv) the AC16 Bonds on August 23, 2022; (v) the AA59 Bonds on May 7, 2023; and (vi) the AP55 Bonds on October 13, 2024. The Republic has not made any principal repayments since these dates.

43.     The Bonds and the FAAs provide that the Republic must make interest payments twice a year on the dates shown in the chart below, until the principal is paid or fully provided for. The Republic failed to pay interest on the Bonds on the dates set forth below under the column

---

[4] Due to the acceleration of the 9126 Bonds, the accelerated maturity date is December 22, 2020.

labeled "First Missed Interest Payment" and has not made interest payments since those dates, as summarized in the chart below:

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Plaintiffs' Current Amount of Unpaid Interest |
|---|---|---|---|
| USP97475AN08 | April 13 October 13 | October 13, 2017 | $5,425.00 – Marco Cavara |
| USP97475AG56 | June 9 December 9 | December 9, 2017 | $10,800.00 – Maria Schneider |
| USP17625AC16 | February 23 August 23 | February 23, 2018 | $8,925.00 – Joerg Zahn |
| USP17625AA59 | May 7 November 7 | November 7, 2017 | $6,750.00 – Joerg Zahn |
| USP97475AP55 | April 13 October 13 | October 13, 2017 | $72,703.13 – Josef Schneider |
| XS0217249126 | April 21 October 21 | October 21, 2017 | $133,683.75 – Sabine Zahn |
| USP17625AE71 | April 21 October 21 | October 21, 2017 | $101,343.75 – Sabine Zahn |
| US922646AS37 | March 15 September 15 | March 15, 2018 | $6,475.00 – Joerg Zahn |
| USP17625AB33 | May 7 November 7 | November 7, 2017 | $35,797.50 – Sabine Zahn |
| USP17625AD98 | February 5 August 5 | February 5, 2018 | $209,125.00 – Sabine Zahn |
| USP97475AJ95 | March 31 September 30 | March 31, 2018 | $34,300.00 – Josef Schneider |

44.    The Republic has failed to make the interest payments on the dates shown in the chart below:

| ISIN No. | Missed Scheduled Payments |
|---|---|
| USP97475AN08 | October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, April 13, 2021, October 13, 2021, April 13, 2022, October 13, 2022, April 13, 2023, October 13, 2023, April 13, 2024, October 13, 2024. |

| ISIN No. | Missed Scheduled Payments |
|---|---|
| USP97475AG56 | December 9, 2017, June 9, 2018, December 9, 2018, June 9, 2019, December 9, 2019, June 9, 2020, December 9, 2020, June 9, 2021, December 9, 2021, June 9, 2022, December 9, 2022, June 9, 2023, December 9, 2023, June 9, 2024, December 9, 2024. |
| USP17625AC16 | February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, February 23, 2020, August 23, 2020, February 23, 2021, August 23, 2021, February 23, 2022, August 23, 2022, February 23, 2023, August 23, 2023, February 23, 2024, August 23, 2024. |
| USP17625AA59 | November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021, May 7, 2022, November 7, 2022, May 7, 2023, November 7, 2023, May 7, 2024, November 7, 2024. |
| USP97475AP55 | October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, April 13, 2021, October 13, 2021, April 13, 2022, October 13, 2022, April 13, 2023, October 13, 2023, April 13, 2024, October 13, 2024. |
| XS0217249126 | October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, October 21, 2020, April 21, 2021, October 21, 2021, April 21, 2022, October 21, 2022, April 21, 2023, October 21, 2023, April 21, 2024, October 21, 2024. |
| USP17625AE71 | October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, October 21, 2020, April 21, 2021, October 21, 2021, April 21, 2022, October 21, 2022, April 21, 2023, October 21, 2023, April 21, 2024, October 21, 2024. |
| US922646AS37 | March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, March 15, 2022, September 15, 2022, March 15, 2023, September 15, 2023, March 14, 2024, September 15, 2024. |
| USP17625AB33 | November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021, May 7, 2022, November 7, 2022, May 7, 2023, November 7, 2023, May 7, 2024, November 7, 2024. |
| USP17625AD98 | February 5, 2018, August 5, 2018, February 5, 2019, August 5, 2019, February 5, 2020, August 5, 2020, February 5, 2021, August 5, 2021, February 5, 2022, August 5, 2022, February 5, 2023, August 5, 2023, February 5, 2024, August 5, 2024. |
| USP97475AJ95 | March 31, 2018, September 30, 2018, March 31, 2019, September 30, 2019, March 31, 2020, September 30, 2020, March 31, 2021, September 30, 2021, |

| ISIN No. | Missed Scheduled Payments |
|---|---|
| | March 31, 2022, September 30, 2022, March 31, 2023, September 30, 2023, March 31, 2024, September 30, 2024. |

45.     The terms and conditions of the Bonds provide that an "Event of Default" occurs if the Republic fails to pay interest, principal or other amounts on the Bonds when due, and such failure continues for a period of 30 days.

46.     The terms and conditions of the 9126 Bonds further provide that if an Event of Default "shall occur and be continuing" then holders of 25% or more in aggregate outstanding principal amount of the respective series may, by written demand, declare the 9126 Bonds immediately due and payable, whereupon the entire unpaid principal, and accrued and unpaid interest, becomes payable forthwith (the "Acceleration Provision").  Beginning in October 2017, the Republic stopped making required interest payments on its external debt. The Republic's failure to pay interest on October 21, 2017 continued for a period of more than 30 days (indeed, the amount remains unpaid today).  On or about December 22, 2020, holders of greater than 25% of the outstanding principal amount of the 9126 Bonds declared the 9126 Bonds immediately due and payable under the Acceleration Provision, pursuant to a written demand on the fiscal agent.

47.     The Republic's failure to repay principal and to make required interest payments constituted Events of Default on the Bonds under the FAAs. Plaintiffs' Bonds are outstanding under the terms of the FAAs. Plaintiffs, as holders and beneficial owners of the Bonds, are authorized to bring this action.

48.     By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiffs and the Classes, and the Republic is liable to Plaintiffs and the Classes for damages, including payment of principal and interest, in amounts to be determined by the trier of fact.

## CLASS ALLEGATIONS

49.      Plaintiffs bring this action on behalf of themselves and on behalf of the following classes pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

50.      The AN08 Class is defined as: All holders of the AN08 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AN08 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

51.      The AG56 Class is defined as: All holders of the AG56 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AG56 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

52.      The AC16 Class is defined as: All holders of the AC16 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AC16 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

53.      The AA59 Class is defined as: All holders of the AA59 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AA59 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

54.      The AP55 Class is defined as: All holders of the AP55 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AP55 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

55.      The 9126 Class is defined as: All holders of the 9126 Bonds on January 7, 2025, who continue to hold thereafter. In this definition, the "9126 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

56.      The AE71 Class is defined as: All holders of the AE71 Bonds on January 7, 2025, who continue to hold thereafter. In this definition, the "AE71 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

57.    The AS37 Class is defined as: All holders of the AS37 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AS37 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

58.    The AB33 Class is defined as: All holders of the AB33 Bonds on January 7, 2025, who continue to hold thereafter. In this definition, the "AB33 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

59.    The AD98 Class is defined as: All holders of the AD98 Bonds on January 7, 2025, who continue to hold thereafter. In this definition, the "AD98 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

60.    The AJ95 Class is defined as: All holders of the AJ95 Bonds on January 7, 2025, who continue to hold thereafter.  In this definition, the "AJ95 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

61.    This action is properly brought as a class action in that:

(a)    The members of each Class are so numerous that joinder of all members is impracticable. Plaintiffs believe each Class consists of thousands of investors.

(b)    For each Class, Plaintiffs' claims are typical of the claims of all members of the Class because all Bonds contain the same terms and conditions and Plaintiffs and all the Class members have sustained common damages arising out of the Republic's nonpayments under the FAAs, and on the Bonds.

(c)    For each Class, Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained competent counsel experienced in class action litigation and sovereign bond default litigation.  Plaintiffs do not have any interests antagonistic to those of the Class.  Plaintiffs seek to recover on behalf of themselves and all the Class members.

The Class members of each Class may be identified from records maintained by the clearing agents for the Bonds and their participants and brokers and may be notified of the pendency of this action through those entities and the media.

(d)    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members of each Class would be impracticable. Plaintiffs know of no difficulty in the management of this action that would preclude its maintenance as a class action. Section 12 of the FAAs provides that all matters relating to the Bonds issued thereunder shall be governed by New York law.

(e)    There are questions of law and fact common to the members of each Class. Those questions predominate over any questions that may affect only individual members in that the Republic's liability arises under the common terms of the FAAs, and the Bonds, and the Republic's nonpayments and default similarly affect all Class members.  For each Class, among the common questions are: (i) whether nonpayments and an event of default have occurred under the FAAs, and the Bonds; (ii) whether members of the Class have sustained damages from the nonpayments and default and, if so, the measure of damages; (iii) whether the Republic is liable for breach of contract for its default and nonpayments; and (iv) whether the Republic claims any defenses and, if so, whether such defenses are valid.

<u>**COUNT I**</u>
<u>**(Breach of Contract on the AN08Bonds)**</u>

62.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

63.    Plaintiffs and the AN08 Class members purchased their AN08 Bonds for good and valuable consideration.

64.     The AN08 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

65.     There exists a valid, binding and enforceable contract between Plaintiffs and the AN08 Class members, as holders of the AN08 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AN08 Bonds.

66.     Plaintiffs and the AN08 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AN08 Bonds.

67.     The Republic has breached its contractual obligations to Plaintiffs and the other AN08 Class members to make timely payments under the 2001 FAA and the AN08 Bonds as described herein. Each such contractual obligation will continue as long as a AN08 Class member continues to hold the AN08 Bonds.

68.     The Republic is liable to Plaintiffs and the AN08 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT II
### (Breach of Contract on the AG56 Bonds)

69.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

70.     Plaintiffs and the AG56 Class members purchased their AG56 Bonds for good and valuable consideration.

71.     The AG56 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

72.    There exists a valid, binding and enforceable contract between Plaintiffs and the AG56 Class members, as holders of the AG56 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AG56 Bonds.

73.    Plaintiffs and the AG56 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AG56 Bonds.

74.    The Republic has breached its contractual obligations to Plaintiffs and the other AG56 Class members to make timely payments under the 2001 FAA and the AG56 Bonds as described herein. Each such contractual obligation will continue as long as a AG56 Class member continues to hold the AG56 Bonds.

75.    The Republic is liable to Plaintiffs and the AG56 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT III
### (Breach of Contract on the AC16 Bonds)

76.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

77.    Plaintiffs and the AC16 Class members purchased their AC16 Bonds for good and valuable consideration.

78.    The AC16 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

79.    There exists a valid, binding and enforceable contract between Plaintiffs and the AC16 Class members, as holders of the AC16 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AC16 Bonds.

80.    Plaintiffs and the AC16 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AC16 Bonds.

81.    The Republic has breached its contractual obligations to Plaintiffs and the other AC16 Class members to make timely payments under the 2001 FAA and the AC16 Bonds as described herein. Each such contractual obligation will continue as long as a AC16 Class member continues to hold the AC16 Bonds.

82.    The Republic is liable to Plaintiffs and the AC16 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT IV
### (Breach of Contract on the AA59 Bonds)

83.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

84.    Plaintiffs and the AA59 Class members purchased their AA59 Bonds for good and valuable consideration.

85.    The AA59 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

86.    There exists a valid, binding and enforceable contract between Plaintiffs and the AA59 Class members, as holders of the AA59 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AA59 Bonds.

87.    Plaintiffs and the AA59 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AA59 Bonds.

88.    The Republic has breached its contractual obligations to Plaintiffs and the other AA59 Class members to make timely payments under the 2001 FAA and the AA59 Bonds as

described herein. Each such contractual obligation will continue as long as a AA59 Class member continues to hold the AA59 Bonds.

89.    The Republic is liable to Plaintiffs and the AA59 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

<u>**COUNT V**</u>
<u>**(Breach of Contract on the AP55 Bonds)**</u>

90.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

91.    Plaintiffs and the AP55 Class members purchased their AP55 Bonds for good and valuable consideration.

92.    The AP55 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

93.    There exists a valid, binding and enforceable contract between Plaintiffs and the AP55 Class members, as holders of the AP55 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AP55 Bonds.

94.    Plaintiffs and the AP55 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AP55 Bonds.

95.    The Republic has breached its contractual obligations to Plaintiffs and the other AP55 Class members to make timely payments under the 2001 FAA and the AP55 Bonds as described herein. Each such contractual obligation will continue as long as a AP55 Class member continues to hold the AP55 Bonds.

96.     The Republic is liable to Plaintiffs and the AP55 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT VI
### (Breach of Contract on the 9126 Bonds)

97.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

98.     Plaintiffs and the 9126 Class members purchased their 9126 Bonds for good and valuable consideration.

99.     The 9126 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

100.     There exists a valid, binding and enforceable contract between Plaintiffs and the 9126 Class members, as holders of the 9126 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the 9126 Bonds.

101.     Plaintiffs and the 9126 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the 9126 Bonds.

102.     The Republic has breached its contractual obligations to Plaintiff and the other 9126 Class members to make timely payments under the 2001 FAA and the 9126 Bonds as described herein. Each such contractual obligation will continue as long as a 9126 Class member continues to hold the 9126 Bonds.

103.     The Republic is liable to Plaintiffs and the 9126 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT VII
## (Breach of Contract on the AE71 Bonds)

104.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

105.    Plaintiffs and the AE71 Class members purchased their AE71 Bonds for good and valuable consideration.

106.    The AE71 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

107.    There exists a valid, binding and enforceable contract between Plaintiffs and the AE71 Class members, as holders of the AE71 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AE71 Bonds.

108.    Plaintiffs and the AE71 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AE71 Bonds.

109.    The Republic has breached its contractual obligations to Plaintiffs and the other AE71 Class members to make timely payments under the 2001 FAA and the AE71 Bonds as described herein. Each such contractual obligation will continue as long as a AE71 Class member continues to hold the AE71 Bonds.

110.    The Republic is liable to Plaintiffs and the AE71 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT VIII
## (Breach of Contract on the AS37 Bonds)

111.    Plaintiffs repeats and realleges the allegations set forth in paragraphs 1 through 61 herein.

112.    Plaintiffs and the AS37 Class members purchased their AS37 Bonds for good and valuable consideration.

113.    The AS37 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

114.    There exists a valid, binding and enforceable contract between Plaintiffs and the AS37 Class members, as holders of the AS37 Bonds under the 1997 FAA, and the Republic, as the obligor under the 1997 FAA and the AS37 Bonds.

115.    Plaintiffs and the AS37 Class members have performed and complied with all terms and obligations under the contract with respect to the 1997 FAA and the AS37 Bonds.

116.    The Republic has breached its contractual obligations to Plaintiffs and the other AS37 Class members to make timely payments under the 1997 FAA and the AS37 Bonds as described herein. Each such contractual obligation will continue as long as a AS37 Class member continues to hold the AS37 Bonds.

117.    The Republic is liable to Plaintiffs and the AS37 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT IX
### (Breach of Contract on the AB33 Bonds)

118.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

119.    Plaintiffs and the AB33 Class members purchased their AB33 Bonds for good and valuable consideration.

120.    The AB33 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

121.    There exists a valid, binding and enforceable contract between Plaintiffs and the AB33 Class members, as holders of the AB33 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AB33 Bonds.

122.    Plaintiffs and the AB33 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AB33 Bonds.

123.    The Republic has breached its contractual obligations to Plaintiffs and the other AB33 Class members to make timely payments under the 2001 FAA and the AB33 Bonds as described herein. Each such contractual obligation will continue as long as a AB33 Class member continues to hold the AB33 Bonds.

124.    The Republic is liable to Plaintiffs and the AB33 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

### COUNT X
### (Breach of Contract on the AD98 Bonds)

125.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

126.    Plaintiffs and the AD98 Class members purchased their AD98 Bonds for good and valuable consideration.

127.    The AD98 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

128.    There exists a valid, binding and enforceable contract between Plaintiffs and the AD98 Class members, as holders of the AD98 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AD98 Bonds.

129.    Plaintiffs and the AD98 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AD98 Bonds.

130.    The Republic has breached its contractual obligations to Plaintiffs and the other AD98 Class members to make timely payments under the 2001 FAA and the AD98 Bonds as described herein. Each such contractual obligation will continue as long as a AD98 Class member continues to hold the AD98 Bonds.

131.    The Republic is liable to Plaintiffs and the AD98 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

<u>**COUNT XI**</u>
<u>**(Breach of Contract on the AJ95 Bonds)**</u>

132.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 herein.

133.    Plaintiffs and the AJ95 Class members purchased their AJ95 Bonds for good and valuable consideration.

134.    The AJ95 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

135.    There exists a valid, binding and enforceable contract between Plaintiffs and the AJ95 Class members, as holders of the AJ95 Bonds under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the AJ95 Bonds.

136.    Plaintiffs and the AJ95 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the AJ95 Bonds.

137.    The Republic has breached its contractual obligations to Plaintiffs and the other AJ95 Class members to make timely payments under the 2001 FAA and the AJ95 Bonds as

described herein. Each such contractual obligation will continue as long as a AJ95 Class member continues to hold the AJ95 Bonds.

138.    The Republic is liable to Plaintiffs and the AJ95 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiffs demand orders and judgment against the Republic, as follows:

(i)    Certifying the AN08 Class, the AG56 Class, the AC16 Class, the AA59 Class, the AP55 Class, the 9126 Class, the AE71 Class, the AS37 Class, the AB33 Class the AD98 Class, and the AJ95 Class as set forth herein and designating Plaintiffs as the Class representatives for each Class and their counsel as Class counsel for each Class;

(ii)    Awarding damages to Plaintiffs and the other Class members holding the Bonds to compensate them for the Republic's breaches of its obligations under the FAAs, and the Bonds, in amounts to be determined by the Court;

(iii)    Awarding Plaintiffs their costs, attorney fees, expert fees, interest, costs of suit, and other reasonable compensation and reimbursement, including therein for each Class, the fees, expenses, costs, and other reasonable compensation and reimbursement to Class counsel; and

(iv)    Providing such other further relief as this Court shall deem just and proper.

Dated:  New York, New York
        January 8, 2025

                                        **DUANE MORRIS LLP**


                                        By: _____
                                        Anthony J. Costantini
                                         Email: AJCostantini@duanemorris.com
                                        1540 Broadway
                                        New York, NY 10036-4086
                                        Telephone: +1 212 692 1032
                                        Fax: +1 212 202 4715
                                        *Attorney for Plaintiffs*