**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARCO CAVARA, JOSEF JOHANN SCHNEIDER, JOERG ZAHN, SABINE ZAHN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 1:25-cv-00165-RA-VF<br><br>Hon. Ronnie Abrams<br><br>(Oral Argument Requested) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT THE BOLIVARIAN REPUBLIC OF VENEZUELA'S**
**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200

*Counsel for Defendant the Bolivarian Republic of Venezuela*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..........1

FACTUAL BACKGROUND..........3

I. The Bonds and Fiscal Agency Agreements ..........3
II. The 9126 Bonds and the Alleged Acceleration..........5

ARGUMENT..........5

I. Plaintiffs Fail to Plead Any Right to Enforce Any of the Eleven Bond Series..........7

A. As the FAAs Vest Enforcement Rights in the Registered Holder, Beneficial Owners Must Obtain Proper Authorization to Act..........7
B. Plaintiffs Allege Only Beneficial Interests and a Legal Conclusion..........8
C. Precedent Rejects Claims by Beneficial Owners Who Fail to Adequately Plead Enforcement Authority..........9

II. The Claim For Accelerated Principal on the 9126 Bonds Fails Because Plaintiffs Plead No Valid Acceleration..........9
III. Dismissal Should Be With Prejudice..........12

CONCLUSION..........12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
464 F.3d 328 (2d Cir. 2006) ....................5

*Amador v. Bank of N.Y., Inc.*,
No. 13-cv-23252, 2013 WL 6157932 (S.D. Fla. Nov. 8, 2013) ....................10

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
671 F.3d 140 (2d Cir. 2011) ....................6, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................5, 6, 11

*Bank of N.Y. Mellon v. Morandini*,
No. 17-cv-22595, 2018 WL 11317007 (S.D. Fla. Mar. 16, 2018)....................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................5

*Camac Fund, LP v. Nabors Energy Transition Sponsor II, LLC*,
No. 26-cv-1289, 2026 WL 1784199 (S.D.N.Y. June 22, 2026) ....................7

*Constellation Brands, Inc. v. Keste, LLC*,
No. 14-cv-6272, 2014 WL 6065776 (W.D.N.Y. Nov. 13, 2014) ....................12

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*,
No. 12-cv-9351, 2013 WL 3762882 (S.D.N.Y. July 18, 2013)....................9

*Cortlandt St. Recovery Corp. v. Hellas Telecom., S.a.r.L.*,
47 Misc. 3d 544 (Sup. Ct., N.Y. Cnty. 2014) ....................9

*Dervan v. Gordian Grp., LLC*,
No. 16-cv-1694, 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017) ....................6, 10

*DiFolco v. MSNBC Cable LLC*,
622 F.3d 104 (2d Cir. 2010) ....................6

*Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, N.A.*,
747 F.3d 44 (2d Cir. 2014) ....................7

*Hudson & Broad, Inc. v. J.C. Penney Corp.*,
553 F. App'x 37 (2d Cir. 2014) ....................6

*L&H, Inc. v. Chijet Motor Co., Inc.*,
No. 24-cv-06425, 2026 WL 890560 (S.D.N.Y. Mar. 31, 2026)....................10

*O.F.I. Imps. Inc. v. GE Cap. Corp.*,
No. 15-cv-7231, 2017 WL 3084901 (S.D.N.Y. July 20, 2017)....................10

*Oaktree Capital Mgmt., LLC v. DGS Int'l Fin. Co. B.V.*,
No. 602881/02, 2003 N.Y. Misc. LEXIS 2063 (Sup. Ct., N.Y. Cnty. Apr. 4, 2003) ..... 9

*Saint Louis v. Specialty1 Partners*,
No. 25-cv-08832, 2026 WL 1256852 (S.D.N.Y. May 7, 2026) ..... 5, 11

*Sprague v. Salisbury Bank & Tr. Co.*,
969 F.3d 95 (2d Cir. 2020) ..... 12

*Springwell Navigation Corp. v. Sanluis Corporacion, S.A.*,
81 A.D.3d 557 (1st Dep't 2011) ..... 9

*West Coast Settlements II, LLC v. TVPX ARS, Inc.*,
820 F. Supp. 3d 286 (S.D.N.Y. 2025) ..... 7

**Other Authorities**

Fed. R. Civ. P. § 12(b)(6) ..... 3, 5, 7

Defendant the Bolivarian Republic of Venezuela ("the Republic") respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiffs Marco Cavara, Josef Johann Schneider, Joerg Zahn, and Sabine Zahn's (collectively, "Plaintiffs") Second Amended Complaint (ECF No. 48) ("SAC").[1]

## PRELIMINARY STATEMENT

Plaintiffs assert eleven breach of contract claims—one for each separate series of Venezuelan global bonds for which they claim non-payment of amounts owing. Each one of the claims fails at the threshold because Plaintiffs do not plead that they hold any contract right they may enforce against the Republic. Plaintiffs in fact plead the opposite. They allege only that they hold beneficial interests in the bonds. They fail to allege they are registered holders, parties to the governing agreements, assignees of any enforcement rights, or intended beneficiaries with authority to sue the Republic directly.

That defect necessitates dismissal. The governing Fiscal Agency Agreements ("FAAs")—attached to and incorporated into the SAC—foreclose the theory that Plaintiffs have chosen. In each case, the 2001 FAA (covering ten of the eleven series of bonds at issue)[2] and 1997 FAA

[1] Under the operative Case Management Plan (ECF No. 27) and the Court's order extending certain case deadlines (ECF No. 58), no schedule has been set for summary judgment briefing. This motion is therefore directed solely to the facial insufficiency of the allegations in the SAC. The Republic thus reserves all rights to seek summary judgment if any portion of the SAC survives this motion.

[2] The 2001 FAA covers ten of the eleven series of bonds at issue in this action. Those ten series are: 7.75% bonds maturing on October 13, 2019, under ISIN No. USP97475AN08, 6.00% Bonds maturing on December 9, 2020, under ISIN No. USP97475AG56, 12.75% Amortizing Bonds maturing on August 23, 2022, under ISIN No. USP17625AC16, 9.00% Bonds maturing on May 7, 2023, under ISIN No. USP17625AA59, 8.25% Bonds maturing on October 13, 2024, under ISIN No. USP97475AP55, 7.65% Bonds maturing on April 21, 2025, under ISIN No. XS0217249126, 11.75% Bonds maturing on October 21, 2026, under ISIN No. USP17625AE71, 9.25% Bonds maturing on May 7, 2028, under ISIN No. USP17625AB33, 11.95% Amortizing Bonds maturing on August 5, 2031, under ISIN No. USP17625AD98, 7.00% Bonds maturing on March 31, 2038, under ISIN No. USP97475AJ95.

(covering the remaining bond series at issue)[3] expressly define the holder of a registered Note as the person in whose name the Note is registered, "for all purposes under this Agreement and the Notes." SAC, Ex. A ("2001 FAA") § 1(i). Plaintiffs do not allege that they are registered holders of any Note. Although the agreements provide a specific mechanism by which a beneficial owner may act—through a "written certification, proxy or other authorization" furnished by the Depositary or its nominee—Plaintiffs do not allege that they obtained any such authorization. 2001 FAA §§ 1(e)(ii), 1(f)(ii). To the contrary, the FAAs provide that participants in the depositary system and persons holding through them—i.e., alleged beneficial owners— "shall have [no] rights under this Fiscal Agency Agreement," and that the Depositary or its nominee "may be treated . . . as the absolute owner and holder of such [note] . . . for all purposes whatsoever." 2001 FAA §§ 1(e)(ii), 1(f)(ii).

In lieu of adequate allegations, what Plaintiffs offer is a single, legally deficient sentence: that they "are authorized to bring this action." SAC ¶ 50. That is a mere legal conclusion, which is not supported by the incorporated FAAs themselves. The SAC does not identify who authorized Plaintiffs or when, what was conferred, whether the grantor itself held enforcement rights, or whether any authorization reaches all eleven series. Where an incorporated contract does not grant authority to a claimant to sue and the pleading is silent as to any basis for the authority, the contract controls to justify dismissal.

Additionally, Plaintiffs' claim on the 7.65% Bonds maturing on April 21, 2025, ISIN XS0217249126 (the "9126 Bonds"), seeks principal as of December 22, 2020, based on an acceleration Plaintiffs describe in a single sentence. The 9126 Bonds, by their terms, matured on

[3] The 1997 FAA covers one of the eleven series of bonds at issue in this action. That series is: 9.25% U.S. Dollar-Denominated Unsecured Global Bonds maturing on September 15, 2027, under ISIN No. US922646AS37.

April 21, 2025. To claim acceleration, Plaintiffs must plead facts showing the contractual acceleration mechanism was validly invoked. They plead none: not the identity or registered-holder status of a single accelerating holder, not the principal amount outstanding, not the demand, its signatory, its recipient, or its delivery.

For these reasons, the Court should dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").

## FACTUAL BACKGROUND

### I. The Bonds and Fiscal Agency Agreements

Plaintiffs bring this proposed class action for alleged breaches of Venezuela's payment obligations on eleven series of sovereign bonds. SAC ¶¶ 1–13. Ten of those series were issued under the 2001 FAA, and one was issued under the 1997 FAA. SAC ¶¶ 2–13, 38–39. The SAC incorporates both FAAs as exhibits. SAC ¶¶ 2, 9. Both agreements are governed by New York law. SAC ¶¶ 38–39; 2001 FAA § 12; SAC, Ex. B ("1997 FAA") § 12.

Each named Plaintiff alleges only that he or she holds a beneficial interest in certain Venezuelan bonds—that is, an economic interest held through the clearing system—not ownership of the global bond certificate itself. SAC ¶¶ 28–31. The proposed classes are defined the same way: they cover investors who allegedly hold beneficial interests in the relevant global bonds, "but not the Global Bonds themselves." SAC ¶¶ 53–63. That distinction is critical because the FAAs do not deem every beneficial owner the legal holder entitled to enforce the bonds. Under the 2001 FAA, the registered holder of a note and investors who hold only beneficial interests through the global clearing system are differentiated. U.S. Global Notes are registered in the name of the U.S. Depositary or its nominee, while beneficial owners hold interests through accounts maintained by financial intermediaries. 2001 FAA §§ 1(e), 1(e)(i). The FAA expressly provides that "[t]he holder of any registered Note shall be the person in whose name such Note is registered in the Note

register," and that such person is the holder "for all purposes under this Agreement and the Notes." 2001 FAA § 1(i).

Consistent with that allocation of rights, the FAAs provide that participants in the depositary system and persons acting through them "shall have [no] rights under this Fiscal Agency Agreement" with respect to notes registered in the name of the Depositary or its nominee. 2001 FAA §§ 1(e)(ii), 1(f)(ii); *see also* 1997 FAA § 1(f)(i) (beneficial owners "shall have no rights under the agreement" with respect to the global securities). Instead, the Depositary or its nominee "may be treated by the Issuer [and] the Fiscal Agent . . . as the absolute owner and holder" of the notes "for all purposes whatsoever." 2001 FAA §§ 1(e)(ii), 1(f)(ii); *see also* 1997 FAA § 1(f)(i) (the U.S. Depositary may be deemed the sole owner of that global security "for all purposes whatsoever"). Thus, under the FAAs, the contractual rights associated with the bonds belong to the registered holder, not the beneficial owner. *See* 2001 FAA §§ 1(i), 1(e)(ii), 1(f)(ii); 1997 FAA § 5(c).

The FAAs nevertheless provide a mechanism through which a beneficial owner may exercise those rights. Specifically, after vesting rights in the registered holder, the FAA authorizes the Republic and Fiscal Agent to give effect to any "written certification, proxy or other authorization" furnished by the Depositary or its nominee. 2001 FAA §§ 1(e)(ii), 1(f)(ii); 1997 FAA § 1(f)(i). Accordingly, the FAA grants enforcement rights to the registered holder and contemplates that a beneficial owner may exercise those rights only through a "written certification, proxy or other authorization" from the registered holder. *See* 2001 FAA §§ 1(e)(ii), 1(f)(ii); 1997 FAA § 1(f)(i). Plaintiffs, who allege only that they hold beneficial interests in the bonds, do not allege that they are registered holders or that they possess any such authorization. 2001 FAA § 1(i). Further, both the 2001 and 1997 FAAs require transfers and exchanges to

proceed through contractual registration procedures. 2001 FAA §§ 1(i), 5(c), 6(a)–(b); 1997 FAA § 5(c).

## II. The 9126 Bonds and the Alleged Acceleration

The SAC alleges that the 9126 Bonds were scheduled to mature on April 21, 2025, but that their principal repayment date was accelerated to December 22, 2020. SAC ¶¶ 7, 19, 41 n.2, 42. The SAC's only allegation concerning acceleration provides, "[o]n or about December 22, 2020, holders of greater than 25% of the outstanding principal amount of the 9126 Bonds declared the bonds immediately due and payable . . . pursuant to a written demand on the Fiscal Agent." SAC ¶¶ 46, 48. The SAC does not identify the holders who allegedly accelerated, their authority, their registered-holder status, the amount of 9126 Bonds then outstanding, the written demand, the recipient, the method of delivery, or whether any contractual prerequisites were satisfied.

## ARGUMENT

In contrast to the deficient SAC, a complaint survives Rule 12(b)(6) where facts are alleged that state a plausible claim: labels, conclusions, or formulaic recitations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). While a court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, it does not credit conclusory allegations or legal conclusions dressed as fact. *See Saint Louis v. Specialty1 Partners*, No. 25-cv-08832, 2026 WL 1256852, at *2 (S.D.N.Y. May 7, 2026) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss" (citing *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006))). To state a claim, Plaintiffs must plead facts showing more than a "sheer possibility" of liability; the allegations must permit a reasonable inference that Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The inquiry proceeds in two steps: the

Court sets aside conclusory allegations not entitled to the presumption of truth, then asks whether what remains plausibly states an entitlement to relief. *Id.* at 679.

On a motion to dismiss, the Court may consider the complaint, its exhibits, documents incorporated by reference, and documents integral to the complaint. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). Where those documents contradict the pleading, the documents control. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) ("where a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true"). That principle governs here: Plaintiffs' claims arise from the FAAs attached to the SAC, and it is those agreements that refute the very authority they assert.

To plead breach of contract under New York law, a plaintiff must allege, "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Hudson & Broad, Inc. v. J.C. Penney Corp.,* 553 F. App'x 37, 38 (2d Cir. 2014) (citations omitted). The first element requires an agreement the plaintiff may enforce—one to which the plaintiff is a party, or under which the plaintiff holds validly transferred rights. And where a contract makes compliance with a specified procedure a condition of the remedy sought, the plaintiff must plead facts showing compliance; a bare assertion that the condition was met is not enough. *See, e.g.*, *Dervan v. Gordian Grp., LLC*, No. 16-cv-1694, 2017 WL 819494, at *6 (S.D.N.Y. Feb. 28, 2017) ("the occurrence or performance of a condition precedent . . . must be plausibly alleged").

As addressed below, the SAC fails to state a claim because Plaintiffs' pleading and incorporated agreements reveal threshold defects that are not cured by conclusory assertions of ownership or authority. Plaintiffs seek to enforce global bonds while alleging only beneficial

interests, without pleading facts showing that they are registered holders or that anyone holding enforcement rights authorized them to sue. Further, their claim to accelerated principal on the 9126 Bonds rests on an acceleration described in a single conclusory, legally inadequate sentence. Those failures require dismissal under Rule 12(b)(6).

## I. Plaintiffs Fail to Plead Any Right to Enforce Any of the Eleven Bond Series

### A. As the FAAs Vest Enforcement Rights in the Registered Holder, Beneficial Owners Must Obtain Proper Authorization to Act

The threshold element of every breach of contract claim is an agreement the plaintiff may enforce. A plaintiff who is not a party to the contract, and to whom no rights have been transferred, cannot sue on it. *Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, N.A.*, 747 F.3d 44, 48-49 (2d Cir. 2014). A plaintiff "cannot bring a breach of contract claim based upon a contract to which it was not a party and where it has not alleged that" the rights to sue "were properly . . . transferred to" it. *West Coast Settlements II, LLC v. TVPX ARS, Inc.*, 820 F. Supp. 3d 286, 289 (S.D.N.Y. 2025); *accord Camac Fund, LP v. Nabors Energy Transition Sponsor II, LLC*, No. 26-cv-1289, 2026 WL 1784199, at *5 (S.D.N.Y. June 22, 2026). Plaintiffs allege, at most, indirect economic interests in the bonds; they do not allege that they are signatories, registered holders, assignees, or any other party with contractual authority to enforce them.

The FAAs allocate enforcement rights unambiguously. The holder of a registered Note is the person named in the Note register, "for all purposes under this Agreement and the Notes." 2001 FAA § 1(i). Persons holding through the depositary system "shall have [no] rights under this Fiscal Agency Agreement," and the Depositary or its nominee may be recognized as the absolute owner and holder "for all purposes whatsoever." 2001 FAA §§ 1(e)(ii), 1(f)(ii). The 1997 FAA does not differ. 1997 FAA § 1(f)(i).

The agreements are not silent as to how a beneficial owner may act. They specify the mechanism: a "written certification, proxy or other authorization" furnished by the Depositary or its nominee. 2001 FAA §§ 1(e)(ii), 1(f)(ii). The parties thus addressed precisely the situation Plaintiffs are in and prescribed what Plaintiffs would need. Plaintiffs do not allege that they complied.

B. Plaintiffs Allege Only Beneficial Interests and a Legal Conclusion

Plaintiffs do not allege that they are registered holders of any of the eleven series. To the contrary, they define themselves—and the classes they seek to represent—as holding beneficial interests only, expressly "not the Global Bonds themselves." SAC ¶¶ 28–31, 53–63. They do not allege that any registered holder assigned claims to them, that any depositary or participant granted them authority to sue, or that they obtained any written certification, proxy, or authorization of the kind the FAAs require.

What Plaintiffs offer is one sentence: "Plaintiffs, as holders and beneficial owners of the Bonds, are authorized to bring this action." SAC ¶ 50. That allegation fails twice over. It is a legal conclusion— "authorized" states the result Plaintiffs need, not the facts that would produce it. And it is contradicted by the incorporated FAAs, which define "holder" in a way that excludes Plaintiffs by their own description of their interests. Where a conclusory allegation collides with an incorporated document, the document governs. *Amidax*, 671 F.3d at 146–47.

Pleading an indirect economic interest in a bond is not the same as pleading a right to sue on it. To sue in their own names, Plaintiffs must plead a chain of authority—running from the registered holder through the depositary and any participant, and including whatever written proxy, certification, or authorization the FAAs require—that confers on them the right to enforce each series. The SAC includes no alleged link in that chain for any of the eleven series.

C. Precedent Rejects Claims by Beneficial Owners Who Fail to Adequately Plead Enforcement Authority

Where New York law bond and indenture provisions reserve enforcement rights to registered holders or require a valid authorization to sue, courts have dismissed claims by beneficial owners who failed to plead facts establishing such authority. Those authorities compel the same outcome here. *See Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 12-cv-9351, 2013 WL 3762882, at *2–4 (S.D.N.Y. July 18, 2013) (dismissing for lack of standing where the plaintiff failed to plead an assignment of title, ownership, or claims; a collection right or conclusory assertion of authority was insufficient); *Springwell Nav. Corp. v. Sanluis Corporacion, S.A.*, 81 A.D.3d 557, 558 (1st Dep't 2011) (distinguishing a mere beneficial owner from a plaintiff that later obtained the registered holder's authorization to sue); *Cortlandt St. Recovery Corp. v. Hellas Telecom., S.a.r.L.*, 47 Misc. 3d 544, 553 (Sup. Ct., N.Y. Cnty. 2014) (finding no standing where the plaintiff was "not a holder of either the [notes] or sub notes, and that the initial assignment to it was of the right to collect the amounts due on the notes, and not an assignment either of the notes or of title to or ownership of the claims"); *Oaktree Capital Mgmt., LLC v. DGS Int'l Fin. Co. B.V.*, No. 602881/02, 2003 N.Y. Misc. LEXIS 2063, at *4-5 (Sup. Ct., N.Y. Cnty. Apr. 4, 2003) ("[w]here, as here, the plaintiffs, who are not registered holders of the notes, seek to enforce the indentures, that, by their terms, reserve the right of enforcement to registered holders, the plaintiffs are without standing").

**II. The Claim For Accelerated Principal on the 9126 Bonds Fails Because Plaintiffs Plead No Valid Acceleration**

Plaintiffs' claim as to the 9126 Bonds fails for an additional and independent reason: they have not plausibly pleaded a valid acceleration of principal. By their terms, the 9126 Bonds matured on April 21, 2025. SAC ¶¶ 19, 41 n.2. Plaintiffs allege that acceleration on December 22, 2020, moved the breach date nearly four and a half years earlier, thereby causing prejudgment

interest on the full principal amount to begin accruing on that date. Plaintiffs may not obtain that result on the strength of a single sentence. Where a plaintiff invokes a contractual remedy that alters when an obligation came due, it must plead facts showing the remedy was validly invoked. Plaintiffs have pleaded no such facts.

Acceleration is created by contract, not by assertion. A plaintiff seeking to recover accelerated principal must plead facts showing that the contractual conditions for acceleration were satisfied. *See L&H, Inc. v. Chijet Motor Co., Inc.*, No. 24-cv-06425, 2026 WL 890560, at *4 (S.D.N.Y. Mar. 31, 2026) (plaintiff must "plead the occurrence of the conditions precedent" to overcome a motion to dismiss); *O.F.I. Imps. Inc. v. GE Cap. Corp.*, No. 15-cv-7231, 2017 WL 3084901, at *6 (S.D.N.Y. July 20, 2017) ("threadbare conclusory statement[s] do[] not provide the sufficient factual matter that would allow the court to draw the reasonable inference that all conditions precedent have been satisfied and that the defendant is liable for the misconduct alleged." (citations omitted)); *Dervan*, 2017 WL 819494, at *6 (same); *see also Amador v. Bank of N.Y., Inc.*, No. 13-cv-23252, 2013 WL 6157932, at *3 (S.D. Fla. Nov. 8, 2013) (finding "Plaintiff's general averment that the mortgage became fully matured" on a specific date to be insufficient to state a claim); *Bank of N.Y. Mellon v. Morandini*, No. 17-cv-22595, 2018 WL 11317007, at *2 (S.D. Fla. Mar. 16, 2018) ("Plaintiff has failed to allege that the debt was properly accelerated to maturity . . . The general allegation that it was accelerated is conclusory" (citations omitted)).

The 2001 FAA confirms why bare conclusions will not suffice. To start, the FAA provides that a meeting of holders may be called only after holders of at least 25% in aggregate principal amount of the "Outstanding" Notes of a Series request action by written request "setting forth in reasonable detail the action proposed to be taken." 2001 FAA § 11(a). Whether the required

percentage of holders validly accelerated depends on a series of facts, each of which the FAA makes material:

- **Who the accelerating holders were, and whether they were holders at all**. Only persons who are holders of "Outstanding" Notes, or their duly appointed written proxies, may act. 2001 FAA § 11(a). A beneficial owner is not a holder. *See supra* at Point I. A-B.

- **What the denominator was.** The percentage is measured against the aggregate principal amount "Outstanding" as of the relevant date.

- **What was excluded from the denominator.** For Collective Action Securities—defined as Notes stated in their terms to be "Collective Action Securities," 2001 FAA, Amendment No. 1 § 11(f)(vi); 1997 FAA, Amendment No. 2 § 11(f)—Notes owned directly or indirectly by Venezuela or any Venezuelan public sector instrumentality are disregarded and deemed not "Outstanding" in determining whether the required percentage has delivered a notice of acceleration. 2001 FAA, Amendment No. 1 § 11(f)(iv).

- **Whether the demand complied with contract requirements.** The FAA specifies the form, content, recipient, and delivery of the written request. 2001 FAA, Amendment No. 1 § 11(f)(i).

Plaintiffs do not identify a single accelerating holder. They do not allege whether any purported accelerating holder was a registered holder, a beneficial owner, a proxy, a participant, or some other intermediary. They do not plead the principal amount of 9126 Bonds outstanding as of December 22, 2020, the amount held by the accelerating holders, or whether Notes held by Venezuela or a Venezuelan public sector instrumentality were excluded from the denominator. They do not attach or quote the written demand, identify its signatory or recipient, describe how it was delivered, or allege that it reached the correct Fiscal Agent. They do not plead satisfaction of any notice, waiting period, quorum, proxy, or "Outstanding" calculation requirement.

What remains is an assertion that unnamed persons holding an unspecified principal amount allegedly exceeding the 25% of an unidentified denominator made some written demand on some fiscal agent. Rule 8 does not permit such a naked assertion. *Iqbal*, 556 U.S. at 678; *Saint Louis*, 2026 WL 1256852, at *2. The omissions are key because the alleged acceleration is the

only basis for Plaintiffs' contention that principal became due in December 2020 rather than at the stated April 2025 maturity. SAC ¶¶ 19, 41 n.2, 42, 46, 48. Without a validly pleaded acceleration, Count VI states no claim for principal accelerated as of December 22, 2020. *See Constellation Brands, Inc. v. Keste, LLC*, No. 14-cv-6272, 2014 WL 6065776, at *6 (W.D.N.Y. Nov. 13, 2014) (granting partial motion to dismiss where plaintiff did not plausibly plead prerequisites on which its damages theory relied).

## III. Dismissal Should Be With Prejudice

Leave to amend may be denied where amendment would be futile or where the plaintiff has already had repeated opportunities to cure. Both conditions are present. Plaintiffs have pleaded three times. The registered-holder defect has been apparent since the original complaint, and Plaintiffs never amplified their single conclusory sentence asserting that they are "authorized." SAC ¶ 50. If facts supporting that assertion existed, three pleadings were more than enough to allege them. *See, e.g.*, *Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 101 (2d Cir. 2020) (affirming dismissal with prejudice where plaintiff had already been given an opportunity to amend but still failed to plead facts necessary to cure the defect).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint in its entirety with prejudice. The Court independently should dismiss Count VI to the extent it seeks accelerated principal on the 9126 Bonds based on the alleged December 22, 2020, acceleration.

Dated: New York, New York
September 8, 2026

Respectfully submitted,

*/s/ Hal S. Shaftel*

Hal S. Shaftel
John C. Molluzzo Jr.
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel 212.801.9200
Fax 212.805.6400
shaftelh@gtlaw.com
molluzzoj@gtlaw.com

*Attorneys for Defendant The Bolivarian Republic of Venezuela*

**LOCAL RULE 7.1(c) CERTIFICATION**

I, Hal S. Shaftel, an attorney duly admitted to practice before this Court, hereby certify that this Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint complies with the word limit set forth in Local Rule 7.1(c), as it contains 3,942 words, excluding those items permitted for exclusion under this Local Rule. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Hal S. Shaftel*

Hal S. Shaftel